WENDT v. CRAIG.

*(Supreme Court, General Term, Second Department.. February 8, 1892.)*

1. SLANDER—WANT OF CHASTITY—DAMAGES.
    The sum of $2,500 is not excessive damages for slander in imputing unchastity to a woman.
2. WITNESS—CREDIBILITY—CONTRADICTORY STATEMENTS.
    Where a witness testified that she was induced by fear to withdraw a charge of assault, on the ground that the charge was made through fear, and the withdrawal was put in evidence to impeach the testimony of the witness, the court properly called the attention of the jury to the fact that the withdrawal contained no denial of any of the facts stated in it, or shown in the present trial, or sworn to before the justice before whom the charge was made.
3. ACTION FOR SLANDER—ARGUMENTS OF COUNSEL—PROPRIETY OF COMMENT.
    In an action for slander there was evidence tending to show that defendant had turned his mother-in-law out of his house, and he was cross-examined touching that fact, without objection. His own evidence left it uncertain whether she had left the house voluntarily or had been turned out, and it was afterwards shown that she was at plaintiff's house after midnight on the night of the alleged eviction. *Held,* that a judgment for plaintiff should not be reversed because her counsel stated to the jury that defendant had turned his mother-in-law out of doors.

Appeal from circuit court. Queens county.

Action by Margaret Wendt against Patrick Craig for slander. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and PRATT, J.

*Van Wyck Hewlett,* (*A. N. Weller* and *Daniel Brown,* of counsel,) for appellant. *J. M. & T. B. Seaman,* for respondent.

BARNARD, P. J. This action is brought to recover damages for a verbal slander. The words alleged to have been uttered by the defendant impute unchastity to the plaintiff, and also include a charge of keeping a disorderly house. The jury rendered a verdict for $2,500. The verdict is not so excessive as to call for a reversal on that account, if the cause of action be proven. The plaintiff is a woman conducting two separate businesses. One was an hotel at Far Rockaway, called "The Star of the Sea," and the other was a restaurant at Far Rockaway beach. Between 11 and 12 o'clock at night defendant forced open the door of a room in the restaurant where the plaintiff, her daughter, and hired girl were sleeping. He charged the plaintiff with being morally bad, and with keeping a bad place there and at the hotel. There is no justification of the charge, and no attempt to prove the same, in mitigation of damages. Assuming a deliberate, wanton, false charge against the plaintiff, which affected her personally and her business as well, an appellate court cannot characterize the verdict as excessive.

It appeared on the trial that the hired girl, Lizzie Flynn, had made a charge of a personal assault upon her on the night in question, before a justice of the peace. She subsequently withdrew the charge, and testified in the within withdrawal that she had made the charge through fear. On the trial she testified that she made the withdrawal of the charge through fear. The court called the attention of the jury to the fact that the withdrawal was put in evidence before them to impeach the testimony of Miss Flynn; that there was no denial of the assault contained in it, but only that she had made the complaint through fear, and wished to withdraw it. There is no fact sworn to on the trial or in the complaint before the justice which is withdrawn by the withdrawal paper. The court was justified in calling the attention of the jury to this fact, especially as the defendant's counsel stated to the court and jury that the facts stated in the complaint were entirely and absolutely contradicted by the withdrawal. The fact was not so.

There was proof on the trial tending to show that defendant had turned his mother-in-law out of his house, and, upon cross-examination of the defend-

ant, he was questioned as to the fact. The examination was not objected to, and the defendant denied the fact, but so as to leave the fact whether or not she had left his (defendant's) house on the night in question an open one. It was subsequently proven that on the night in question the defendant's mother-in-law was at plaintiff's house after midnight. Under this state of the evidence it is not proper to reverse this judgment because in the summing up plaintiff's counsel stated that defendant turned his mother-in-law out of doors. Defendant's credibility as a witness was in issue before the jury. The judgment should therefore be affirmed, with costs.